IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

GAYAN DAVIS,

            Plaintiff,

      -against-

AMERICAN CREDIT ACCEPTANCE,
JOHN DOE FORWARDER, and URBAN
AUTO RECOVERY, LLC,

            Defendants.

Civil Case Number:

**CIVIL ACTION**
**COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, GAYAN DAVIS, ("Plaintiff"), a South Carolina resident, brings this Complaint by and through undersigned counsel, against Defendant AMERICAN CREDIT ACCEPTANCE, Defendant JOHN DOE FORWARDER, and Defendant URBAN AUTO RECOVERY, LLC (collectively, "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the events in question took place in this judicial District.

## NATURE OF THE ACTION

3. Plaintiff brings this action after Defendants breached the peace while repossessing her vehicle, thereby violating S.C. Code Ann. § 36-9-601.  Plaintiff also brings a claim against Defendant JOHN DOE FORWARDER and Defendant URBAN AUTO RECOVERY,

1

LLC for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff Gayan Davis is a natural person and a resident of Horry County, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant American Credit Acceptance ("American Credit") is a financial institution engaged in consumer lending, including the financing of motor vehicles, with its principal office located in Spartanburg, South Carolina.

7. Defendant John Doe Forwarder ("Doe Forwarder") is an unknown entity that, upon information and belief, is engaged in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders. Plaintiff will amend this Complaint to substitute the true name of this Defendant when discovered.

8. Upon information and belief, Defendant Doe Forwarder is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Doe Forwarder is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant Urban Auto Recovery, LLC ("Urban Recovery") is a repossession company, with its principal place of business in Conway, South Carolina.

2

11. Upon information and belief, Defendant Urban Recovery is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Urban Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff owns a 2013 Ford Escape (the "Vehicle"), which was purchased through a loan from Defendant American Credit.

14. Plaintiff purchased and used the Vehicle for personal, family, and household purposes.

15. Prior to October 27, 2025, Plaintiff fell behind on her payments on the American Credit loan due to an unexpected reduction in work hours.

16. The money owed on the American Credit loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. As a result, American Credit contracted with Defendant Doe Forwarder to repossess the Plaintiff's Vehicle.

18. Upon information and belief, Doe Forwarder does not perform any repossessions itself in South Carolina, but contracts with repossession companies to carry out the actual repossessions, a fact which was known to American Credit.

19. Upon information and belief, after being contracted by American Credit to repossess the Plaintiff's vehicle, Doe Forwarder arranged for Defendant Urban Recovery to carry out the actual repossession.

20. Upon information and belief, after being contracted by Doe Forwarder to repossess the Plaintiff's vehicle, Urban Recovery proceeded to carry out the actual repossession.

3

21. On or about October 27, 2025, at approximately 1:15 p.m., the Vehicle was lawfully parked outside Plaintiff's workplace in Conway, South Carolina, where Plaintiff was present and working.

22. At that time, one of Plaintiff's customers alerted Plaintiff that a tow truck – later identified as belonging to Defendant Urban Recovery – was about to repossess her vehicle.

23. Plaintiff immediately exited the building, objected to the repossession and told Defendants' repo agent that they could not take her vehicle at that time.

24. At that time, Plaintiff was already on the phone with American Credit to submit her payment by phone and expressly offered to have the Defendants' repo agent speak directly with the American Credit representative to confirm that Plaintiff was bringing her account current at that time.

25. Defendants' repo agent blatantly disregarded Plaintiff's efforts and stated that he was repossessing the Vehicle anyway.

26. Plaintiff further objected to the repossession and entered the Vehicle to physically prevent Defendants' repo agent from repossessing it.

27. Defendants' repo agent then contacted the Conway Police Department to come assist him in completing the repossession, as he was not otherwise able to complete the repossession over the Plaintiff's verbal and physical objections to the repossession.

28. When the armed police officers arrived, one of the officers told Plaintiff to let the repossession agent do his job and ordered Plaintiff out of the Vehicle.

29. Plaintiff, who was actively trying to explain to the police officers that what they were doing was illegal and in breach of the peace, continued to protest and refused to exit the Vehicle.

30. The armed police officer then threatened to arrest Plaintiff if she did not exit the Vehicle.

31. When Plaintiff again attempted to exercise her rights and refused to exit the Vehicle, the armed police officer opened the door of the Vehicle and physically and forcibly removed Plaintiff from the Vehicle.

32. It was only with the assistance of armed law enforcement officers that the Defendants' repossession agent was able to complete the repossession of Plaintiff's vehicle on behalf of Defendants.

33. The lengthy confrontation, Defendants' continuing repossession efforts over the Plaintiff's physical and verbal objections, and the involvement of law enforcement officers singularly and collectively constitute a breach of the peace.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Doe Forwarder and Urban Recovery)

34. Plaintiff repeats and realleges the foregoing allegations in paragraphs 13-33 as if fully set forth herein.

35. Plaintiff brings this Count against Defendants Doe Forwarder and Urban Recovery.

36. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

37. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

> (C)    the property is exempt by law from such dispossession or disablement.

38. Under S.C. Code Ann. § 36-9-601, a secured party may take possession of collateral after

5

default, without judicial process, **<u>only</u>** if the repossession proceeds without a breach of the peace.

39. At the time of repossession and disablement, Plaintiff was actively and unequivocally objecting to the repossession with both verbal and physical objections, preventing the Defendants' repo agent from being able to repossess her vehicle without breaching the peace.

40. Defendants' repo agent breached the peace by continuing with the repossession in the face of Plaintiff's unequivocal physical and verbal protests, by repossessing an occupied vehicle, and by involving armed law enforcement to help them complete the repossession.

41. As a result, Defendants did not have the present right to possession of Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

42. Moreover, because of these breaches of the peace during the repossession of the Plaintiff's vehicle, Defendants no longer had any right to effect a non-judicial repossession of Plaintiff's vehicle at that time.

43. As a result, Defendants violated 15 U.S.C. § 1692f(6) when they repossessed the Plaintiff's vehicle on October 27, 2025.

44. By unlawfully repossessing Plaintiff's vehicle in violation of the FDCPA, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, by subjecting Plaintiff to unfair, or unconscionable means to collect a debt, and by depriving Plaintiff of her right to pre repossession judicial process.

45. Defendant's illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, wasted time, emotional distress including loss of sleep, frustration and embarrassment.

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated 15 U.S.C. §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II
### UNLAWFUL BREACH OF THE PEACE
### S.C. Code Ann. § 36-9-601 *et seq.*
### (Against All Defendants)

47. Plaintiff repeats and realleges the foregoing allegations in paragraphs 13-33 as if fully set forth herein.

48. Plaintiff brings this Count against all Defendants.

49. South Carolina only permits self-help repossession of consumer motor vehicles when such repossession can be recovered without breach of the peace, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

50. Defendants' repo agent breached the peace by continuing with the repossession in the face of Plaintiff's unequivocal physical and verbal protests, by repossessing an occupied vehicle, and by involving armed law enforcement to help them complete the repossession.

51. Furthermore, the Defendants then seized the vehicle, held that vehicle and continue to hold the vehicle, even after they were alerted that they had no right to take the vehicle.

52. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, damage to the vehicle, as well as mental and emotional harm including frustration and embarrassment.

7

53. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

54. As a result, Defendants did not have the present right to possession of Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

55. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, wasted time, emotional distress including loss of sleep, frustration and embarrassment, and by depriving Plaintiff of the use of her vehicle and the possessions contained therein.

## COUNT III
### CONVERSION
### (Against All Defendants)

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 13-33 above herein with the same force and effect as if the same were set forth at length herein.

57. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff was instead entitled to the present use of her own vehicle and the possessions contained therein.

58. The Defendants then held Plaintiff's vehicle and continue to hold onto that vehicle and the possessions contained therein, thereby exercising control over the Plaintiff's property.

59. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by wrongfully seizing and holding her vehicle and the possessions contained therein.  Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in

8

violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and the possessions contained therein, in causing Plaintiff to waste countless hours in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

60. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, damage to her vehicle, anger, anxiety, emotional distress, frustration and embarrassment.

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     awarding Plaintiff actual damages incurred;

(b)     awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)     awarding Plaintiff punitive damages;

(d)     Awarding pre-judgment interest and post-judgment interest; and

(e)     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

9

Dated: July 1, 2026

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Counsel for Plaintiff*
